UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NOELLE M. DUBRAY,<br><br>　　　　　Defendant. | 3:07-CR-30030-01-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Noelle M. DuBray, filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 47. Plaintiff, the United States of America, opposes the motion. Docket 50. For the following reasons, the court denies defendant's motion for compassionate release.

### BACKGROUND

The background of DuBray's case was set forth in the court's order dated September 22, 2020. Docket 46. To summarize, on November 2, 2007, this court sentenced DuBray to 210 months in custody for second degree murder in violation of 18 U.S.C. §§ 1153 and 1111. Docket 33 at 2; Docket 34 at 2. DuBray is incarcerated at FCI Waseca, a low-security correctional institution in Waseca, Minnesota. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last checked Apr. 26, 2021). She is 41 years old. *Id.* DuBray is eligible for home confinement on November 3, 2021, and her scheduled release date is May 3, 2022. *Id.;* Docket 41 at 827.

In support of her motion, DuBray urges the court to consider her testing positive for COVID-19 on September 18, 2020, her efforts at rehabilitation, and

the Second Chance Act. Docket 47; Docket 49 at 152. DuBray argues the current circumstances at FCI Waseca coupled with her positive COVID-19 diagnosis warrants early release. Docket 47 at 1-2.

The government opposes DuBray's motion, arguing that the First Step Act revised the Second Chance Act by granting the Bureau of Prisons (BOP) jurisdiction regarding home confinement, rather than the judiciary. Docket 50 at 1-3. Additionally, the government asserts the court appropriately denied DuBray's initial motion for release and she has failed to show "extraordinary and compelling reasons" for release now. *Id.* at 3.

## DISCUSSION

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its order dated September 22, 2020. Docket 46. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the § 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

As of May 3, 2021, there are currently no active COVID-19 cases among FCI Waseca's inmates. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 3, 2021). FCI Waseca has reported no inmate deaths from COVID-19, and 407 inmates have recovered as of May 3, 2021. *Id.* The total population at FCI Waseca is currently 708 persons. Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/was/ (last visited May 3, 2021). The reported information demonstrates the COVID-19 outbreak at FCI Waseca was widespread, but not devastating. This persuades the court that FCI Waseca has acted appropriately to treat inmates who contracted COVID-19. The court believes the facility will continue to appropriately treat inmates who do so.

Additional measures to protect inmates from future COVID-19 outbreaks are begin taken. The BOP has implemented a COVID-19 vaccination plan to protect inmates and staff and limit the transmission of COVID-19 within the facilities. *See* Fed. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited May 3, 2021). As of May 3, 2021, 157,600 doses have been administered systemwide. *Id.* At FCI Waseca, 98 staff and 99 inmates were fully inoculated as of May 3, 2021. *Id.* According to the BOP, those inmates who wish to receive the vaccine will have an

opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

*Id.*

DuBray asserts that her positive COVID-19 diagnosis warrants early release from custody. Docket 47 at 1. DuBray tested positive for COVID-19 on September 18, 2020. Docket 49 at 863. DuBray suffered from mild symptoms such as a cough, nasal congestion, fatigues, aches and pain, diarrhea, and loss of taste or smell. *Id.* at 793, 796, 799. During her fifth day in quarantine, she reported no symptoms. *Id.* at 787, 790. She was prescribed an inhaler for a dry hacking cough following her diagnosis. *Id.* at 783. On September 25, 2020, DuBray's course of COVID-19 was considered "resolved" by the BOP medical staff. *Id.* at 17.

These circumstances do not constitute "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), and the court has denied compassionate release motions under similar circumstances. *See, e.g., United States v. Muhs*, 4:19-CR-40023-02-KES, 2021 WL 534517, at *4-5 (D.S.D. Feb. 12, 2021) (denying compassionate release to defendant with obesity, chronic viral hepatitis, and confirmed case of COVID-19); *United States v. Odie,* 4:17-CR-40016-01-KES, 2021 WL 253576, at *2-3 (D.S.D. Jan. 26, 2021) (denying reconsideration of compassionate release for defendant with confirmed case of

4

mild COVID-19); *United States v. Adame*, 4:18-CR-40117-05-KES, 2020 WL 7212096, at *3-4 (D.S.D. Dec. 7, 2020) (denying compassionate release to defendant with BMI of 33.8, asthma, anxiety, and positive case of COVID-19).

Finally, DuBray requests the court consider the Second Chance Act when considering her case. Docket 47 at 2. The First Step Act expanded the scope of the Second Chance Act of 2007. *See BOP: An Overview of the First Step Act*, https://www.bop.gov/inmates/fsa/overview.jsp (last visited Apr. 28, 2021); *Congressional Research Service: The First Step Act of 2018: An Overview*, https://fas.org/sgp/crs/misc/R45558.pdf (last visited on Apr. 28, 2021). The Second Chance Act of 2007 was intended to help prisoners returning to society to break cycles of crime and start new lives. *See* Pub. L. No. 110-199, § 3, 122 Stat. 657, 658 (2008). The key elements included authorizing services like drug treatment, mentoring, and transitional services through prisoner reentry initiatives. *See id.* §§ 201, 211, 212, 231.

The Second Chance Act, however, did not establish another avenue for inmates to obtain early release through the courts. To the extent that the First Step Act expanded the judiciary's role in permitting courts to entertain compassionate release motions directly from the prisoner, this court has already addressed any possible considerations within the Second Chance Act when ruling on Dubray's motion.

The court finds DuBray's current circumstances do not clear the high bar necessary to warrant compassionate release for "extraordinary and

5

compelling" reasons. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since DuBray's initial motion for release was denied. The court commends DuBray for her participation in educational programming while in custody and for reducing her custody level to minimum. Docket 49 at 933-934; Docket 47 at 2. Dubray will soon be eligible for home detention. In the meantime, the court encourages her to continue developing skills and gaining insight to begin a new way of life.

## CONCLUSION

DuBray has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's second motion compassionate release under the First Step Act (Docket 47) is denied.

Dated May 3, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE